# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Jose Luis Ramirez,**
Petitioner
-vs-
**Charles Ryan, et al.,**
Respondents

CV-09-0685-PHX-NVW (JRI)

**REPORT & RECOMMENDATION
On Petition for Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2254**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Pinal County Jail in Florence, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 7, 2009 (#6). On July 10, 2009, Respondents filed their Answer (#10). Petitioner filed a Reply on September 2, 2009 (#20).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual background as follows:

> Mercedes B. and Ramirez [Petitioner] were in a relationship for nearly fifteen years and had four children together. Mercedes B. and Ramirez met Jose M. after responding to Jose M.'s advertisement in Arizona Connections magazine. Jose M. testified that Ramirez contacted him in March 2004 about a sexual fantasy that involved videotaping Ramirez' wife engaging in sexual activities with another

- 1 -

> man. Thereafter, the three met four times over two months and participated in the desired activities. Mercedes B. eventually left Ramirez and later began dating Jose M.
> On February 6, 2005, Mercedes B. and Jose M. were outside of her apartment in the parking lot when they saw Ramirez' vehicle approaching. As Ramirez pulled up behind Jose M.'s car, Ramirez' window was rolled down and he was pointing a gun at Jose M. and Mercedes B. Jose M. grabbed Mercedes B. and pulled her in front of him down behind his car. Ramirez got out and walked towards the back of his own vehicle. Jose M. ran away and jumped over a six-foot fence that was located behind him and Mercedes B., and Ramirez fired a shot in his direction. Mercedes B. testified that Ramirez pointed the gun a little bit above the wall when he fired. Mercedes B. then got up and tried to run, but with his forearm on her neck or chin, Ramirez pushed her and she fell to the pavement.

(Exhibit L, Mem. Dec. at 2-3.) (Exhibits to the Answer, #10, are referenced herein as "Exhibit ___.")

## B. PROCEEDINGS AT TRIAL

Petitioner was charged with two counts of aggravated assault, and one count of disorderly conduct. (*Id.* at 1-2; Exhibit A, R.T. 10/24/5 at 45.) Petitioner proceeded to a jury trial, and was convicted on all three counts. He was sentenced to concurrent sentences of five years, one year, and two and one-quarter years. (Exhibit L, Mem. Dec. at 3-4.)

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed an untimely notice of appeal, which was dismissed on February 21, 2006. (Exhibit L., Mem. Dec. at 4.) Petitioner then filed a filed a petition for post-conviction relief pursuant to Rule 32.1(f) of the Arizona Rules of Criminal Procedure, arguing that he was not at fault for failing to file a notice of appeal. (Exhibit F, PCR Pet.)

According to correspondence from appellate counsel, testimony at the hearing reflected that retained trial counsel Alcock had delegated Petitioner's representation to an attorney, Gavin, who he represented as an "associate." Alcock also testified that after trial Alcock had advised Petitioner not to file a claim of ineffective assistance against Gavin, arguing that there was no conflict in doing so because they were unassociated. (Amend Pet., #6, Letter 9/15/06.)

The superior court granted Petitioner's motion to file a delayed appeal. (Exhibit G, M.E. 9/1/6; Exhibit L., Mem. Dec. at 4.)

Counsel filed an Opening Brief (Exhibit H), pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting an inability to find an issue for appeal. The court ordered the parties to brief the issue whether the trial court had erred in instructing the jury on one of the aggravated assault charges. (Exhibit I Order, 6/4/07.)

Counsel then filed a Supplemental Brief asserting that Petitioner had been convicted of a crime which did not exist and was not charged in the indictment. (Exhibit J.) The Arizona Court of Appeals vacated Petitioner's conviction on one of the aggravated assault counts. The other two convictions and sentences were affirmed. (Exhibit L, Mem. Dec. at 12.)

Petitioner sought review with the Arizona Supreme Court (Exhibit M), arguing that trial counsel had been ineffective for failing to object to the erroneous jury instructions, and for failing to object to disparate versions of the facts. Petitioner also argued that appointed counsel failed to appear for "half of my court's including my sentence." (Exhibit M, PFR at 3.) That petition was summarily denied. (Exhibit N, Order 12/17/07.)

### D. PROCEEDINGS ON POST-CONVICTION RELIEF

Petitioner filed a Notice of Post-Conviction Relief (Exhibit O). Counsel was appointed, who filed a notice of inability to find issues for review. (Exhibit P.) Petitioner then filed *pro per* a Petition for Post-Conviction Relief (Exhibit Q), arguing that counsel was ineffective for failing to object to inconsistencies in the victim's testimony, a discrepancy in evidence about the bullets, and the facts underlying the order of protection obtained by the female victim.

The petition was denied without a hearing, with the trial court finding that Petitioner failed to establish ineffective assistance of counsel. (Exhibit S, M.E. 2/13/9.)

Petitioner did not seek review on this Petition. (Amend. Pet. #6 at 5.)

1 **E. PRESENT FEDERAL HABEAS PROCEEDINGS**

2 **Petition** - Petitioner commenced the current case by filing his original Petition for
3 Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 2, 2009 (#1). That petition
4 was dismissed with leave to amend. (Order 4/14/9, #5.) On May 7, 2009, Petitioner filed
5 the instant Amended Petition (#7), which asserts the a single ground for relief, arguing that
6 trial counsel was ineffective as a result of a conflict of interest, having been retained by the
7 female victim's sister, and having delegated Petitioner's defense to an attorney with whom
8 he was not associated.

9 **Response** - On July 10, 2009, Respondents filed their Answer (#10), arguing that
10 Petitioner's claims are procedurally defaulted.

11 **Reply** - On September 2, 2009, Petitioner filed a Reply ("Habeas Corpus Response
12 from Petitioner") (#20). Petitioner argues the merits of his claim, and asserting that there
13 were discrepancies with respect to various evidence at trial.

14

15 **III. APPLICATION OF LAW TO FACTS**
16 **A. EXHAUSTION AND PROCEDURAL DEFAULT**

17 Respondents argue that Petitioner's claim is unexhausted, now procedurally defaulted,
18 and thus barred from habeas review.

19

20 **1. Exhaustion Requirement**

21 Generally, a federal court has authority to review a state prisoner's claims only if
22 available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)
23 (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28
24 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to
25 show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104
26 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

27 **a. Proper Forum/Proceeding**
28 Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first

raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

### b. Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

"Of course, a claim is exhausted if the State's highest court expressly addresses the claim, whether or not it was fairly presented." *Casey v. Moore*, 386 F.3d 896, 916 n. 18 (9th Cir. 2004) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).

### 2. Application to Petitioner's Claims

Petitioner's sole ground for relief asserts ineffective assistance of trial counsel due to: (a) a conflict of interest, counsel having been retained by the female victim's sister, and (b) having delegated Petitioner's defense to an attorney with whom he was not associated.

**<u>Not Fairly Presented on Direct Appeal</u>** - Petitioner did not assert such a claim on

- 5 -

direct appeal to the Arizona Court of Appeals.  (*See* Exhibit J, Suppl.. Brief.)  He did, however, argue in his Petition for Review to the Arizona Supreme Court that "my counsel may have represented my wife family by my sace took place, when I ask, he appointed a new counsel Geral[d] T. Gaving who didn't even show up to half of my courts including my sentence."  (Exhibit M, PFR at 3.)

Presentation to the Arizona Supreme Court for the first time is not sufficient to exhaust an Arizona state prisoner's remedies.  "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."  *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  In *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly raise it on every level of direct review."

> Academic treatment accords: The leading treatise on federal habeas corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."

*Casey*, 386 F.3d at 916 (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998).

In Arizona, review of a petition for post-conviction relief by the Arizona Court of Appeals is governed by Rule 32.9, Arizona Rules of Criminal Procedure, which clarifies that review is available for "issues which were decided by the trial court."  Ariz. R. Crim. P. 32.9(c)(1)(ii). *See also State v. Ramirez,* 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ariz.App., 1980) (issues first presented in petition for review and not presented to trial court not subject to review).  Similarly, the Arizona Supreme Court does not grant review of claims not raised below, absent special considerations.  *See State v. Logan*, 200 Ariz. 564, 565, 20 P.3d 631, 632, n.2 (2001).

Moreover, Petitioner merely presented the facts of this claim, and failed to identify the claim as a federal one.  Indeed, while the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (quoting *Daugherty*

- 6 -

*v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per curiam). Indeed, Petitioner made no reference to any federal law or authority.

A simple reference to ineffective assistance of counsel is not sufficient to fairly present a federal claim under the Sixth Amendment. *Lyons v. Crawford*, 232 F.3d 666, 668-69 (9th Cir.2000), *as amended*, 247 F.3d 904 (9th Cir.2001). *See also Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (discussing sufficiency of mere reference to "ineffective assistance"); *Galvan v. Alaska Dept. of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005) (no fair presentment where petitioner's state brief "did not say that she was deprived of her Sixth Amendment right to the effective assistance of counsel").

**<u>Not Fairly Presented on PCR Review</u>** - In his PCR Petition, Petitioner did raise the facts that trial counsel had been hired by the victim's family, and refused to file a PCR petition. (Exhibit Q, PCR Pet. at 6.) However, Petitioner did not identify his claim as one for ineffective assistance. Indeed, he did not even mark the form portion of the Petition to indicate he was asserting a "denial of the constitutional right to representation by a competent lawyer." (*Id.* at 2.)

Moreover, Petitioner did not seek review of the denial of his PCR petition in the Arizona Court of Appeals. . (Amend. Pet. #6 at 5.)

**<u>Summary</u>** - Petitioner has failed to fairly present his federal claims to the Arizona courts, and accordingly his state remedies on those claims were not properly exhausted.

**3. Procedural Default**

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a

procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a), and its timeliness bar in Ariz. R. Crim. P. 32.4. (Answer, #10 at 14.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** - Petitioner can also no longer seek review by a subsequent PCR Petition. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

<u>Exceptions</u> - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor, with one exception, does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly

>discovered material facts.
>(3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
>f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
>h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Paragraph (f) has no application where the petitioner is not asserting relief from a failure to file a timely notice of appeal or PCR petition of-right. Paragraph (g) has no application because Petitioner has not asserted a change in the law. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's ineffective assistance claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

Accordingly, the undersigned must conclude that review through Arizona's direct appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims. Accordingly, these unexhausted claims are procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

### 4. Miscarriage of Justice

If the habeas petitioner has procedurally defaulted on a claim, he may not obtain

federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) Here, Petitioner has offered no explanation to excuse his failure to exhaust. The undersigned finds none.

Nor has Petitioner made any assertion that he is actually innocent. Petitioner does attack various evidence adduced at trial. For example, he asserts that various testimony and statements were contradictory, that the location of the bullets contradicted the testimony on the direction he was shooting, that the female victim lied about she and Petitioner not being married, etc. (Reply, #20 at 1-2.) Such quibbling over the evidence presented at trial is not the equivalent of a showing of actual innocence.

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id.* at 329. Moreover, a finding of "actual innocence" is not to be based upon a finding that insufficient evidence to support the charge was presented at trial, but rather upon affirmative evidence of innocence. *See U.S. v. Ratigan*, 351 F.3d 857 (9th Cir. 2003) (lack of proof of FDIC insurance in a bank robbery case, without evidence that insurance did not exist, not sufficient to establish actual innocence). Petitioner fails to make such a showing.

Accordingly, Petitioner's claims must be dismissed with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning

detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. The undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed May 7, 2009 (6) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that in the event this Report &

Recommendation is adopted, that a certificate of appealability **BE DENIED**.

### VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: January 8, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-0685-0-br RR 09 12 29 m HC.wpd